1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   AARON ALVAREZ-VILLASENOR,

8                          Plaintiff,          NO:  12-CV-5107-TOR

9        v.                                     ORDER GRANTING DEFENDANTS'
                                                MOTION TO DISMISS
10  LIZA ROHRER, et al.,

11                         Defendants.

12  ///

13  ///

14        BEFORE THE COURT is Defendants' Motion to Dismiss for Failure to

15  State a Claim (ECF No. 20).  This matter was submitted for consideration without

16  oral argument.  The Court has reviewed the briefing and the record and files

17  herein, and is fully informed.

18                          BACKGROUND

19        Plaintiff Aaron Alvarez-Villasenor ("Plaintiff"), proceeding *pro se* and *in*

20  ///

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

*forma pauperis*,[1] alleges that Defendants violated his Fourteenth Amendment right to equal protection by removing him from a prison work camp and by denying him access to prison educational and vocational programs based upon the fact that he is subject to an Immigration and Customs Enforcement ("ICE") detainer.

FACTS

In January 2012, Plaintiff was removed from a prison work camp at the Coyote Ridge Correctional Center and placed in a higher custody facility due to the fact that he had been placed on an ICE detainer. ECF No. 8-1.  In August 2012, Plaintiff filed a Complaint alleging violations of his civil rights under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff subsequently amended his Complaint on November 29, 2012, in response to the Court's order to amend or voluntarily dismiss.  ECF No. 8-1.  In his Amended Complaint, Plaintiff alleges that his removal from the work camp, as well as his ineligibility to participate in educational and vocational programs, violates his right to equal protection under the Fourteenth Amendment. ///

---

[1] According to Defendants, Plaintiff was released from DOC custody on May 6, 2013, and deported the following day.  ECF Nos. 25, 25-1 at 5.  Because the instant motion was properly served on Plaintiff prior to his deportation, the Court deems it appropriate to issue a decision on the merits.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

DISCUSSION

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see*

1   *Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it

2   need not accept "naked assertions devoid of further factual enhancement." *Iqbal*,

3   556 U.S. at 678 (internal quotations and citation omitted).

4       In ruling upon a motion to dismiss, a court must accept all factual allegations

5   in the complaint as true and construe the pleadings in the light most favorable to

6   the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979,

7   988 (9th Cir. 2001). The court may disregard allegations that are contradicted by

8   matters properly subject to judicial notice or by exhibit. *Id.* The court may also

9   disregard conclusory allegations and arguments which are not supported by

10   reasonable deductions and inferences. *Id.*

11       The Ninth Circuit has repeatedly instructed district courts to "grant leave to

12   amend even if no request to amend the pleading was made, unless ... the pleading

13   could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

14   F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is

15   generous—the court "should freely give leave when justice so requires." Fed. R.

16   Civ. P. 15(a)(2). In determining whether leave to amend is appropriate, a court

17   must consider the following five factors: bad faith, undue delay, prejudice to the

18   opposing party, futility of amendment, and whether the plaintiff has previously

19   amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995

20   (9th Cir. 2011).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

**A. Alleged Equal Protection Violations**

The Equal Protection Clause of the Fourteenth Amendment requires state actors to treat all similarly situated people equally. *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To prevail on an equal protection claim under 42 U.S.C. § 1983, a plaintiff must prove that the defendant acted with an intent or purpose to discriminate based upon the plaintiff's membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The first steps in analyzing such a claim are to identify the basis of the classification and to determine what level of scrutiny applies. *Id.*

Plaintiff alleges that Defendants discriminated against him on the basis of his ICE detainer status. ECF No. 8-1. Prisoners subject to immigration detainers are not a protected class. *McLean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999) (en banc), *cert. denied* 528 U.S. 1086; s*ee also Gallegos-Hernandez v. United States*, 688 F.3d 190, 196 (5th Cir. 2012). As a result, the DOC's classification scheme is subject to rational basis review. *McLean*, 173 F.3d at 1186. "A government policy is valid under the rational basis test so long as it is rationally related to a legitimate government interest." *Id.*

Defendants assert that the DOC's policy of restricting offenders with ICE detainers from work camp placements and various vocational and educational programs is rationally related to its legitimate interest in preventing offenders from

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 5

1    escaping.  ECF No. 21 at 6.  The Court agrees.  The Ninth Circuit has recognized

2    that preventing offenders with immigration detainers from escaping custody is a

3    legitimate penological interest.  *McLean*, 173 F.3d at 1186.  That interest is

4    rationally served by precluding such offenders from being held at less secure work

5    camp facilities and from participating in vocational and educational programs.  *See*

6    *id.*; *Saldivar v. United States*, 2013 WL 5275620 at *2 (S.D. Cal. 2013)

7    (unpublished) (noting that "a number of district courts have . . . found that policies

8    preventing alien prisoners from participating in certain pre-release programs are

9    also justified because the purpose of the program—helping prisoners reenter the

10    community after serving their sentence—is not advanced in the case of prisoners

11    who will be deported upon release"); *Rendon-Inzunza v. United States*, 2010 WL

12    3076271 at *1 (S.D. Cal. 2010) (unpublished) ("It is not an equal protection

13    violation to allow United States citizen-inmates, who must re-enter domestic

14    society, to participate in rehabilitative or other programs while denying that

15    privilege to deportable aliens."); *Zepeda Duarte v. Washington*, 2010 WL 3522514

16    at *5 (E.D. Wash. 2010) (unpublished) ("An outstanding detainer creates an

17    uncertainty that obstructs [the] purpose of programs of prisoner education and

18    rehabilitation . . . [thus,] there is a rational[] basis for excluding those who will be

19    sent out of the country after the term of their sentence from reformative

20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

programs.").  Thus, the Court finds that Plaintiff has failed to state a cognizable

equal protection claim.

**B. Qualified Immunity**

Defendants have also moved for dismissal on qualified immunity grounds.

Qualified immunity shields government actors from civil damages unless their

conduct violates "clearly established statutory or constitutional rights of which a

reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231

(2009).  In evaluating a state actor's assertion of qualified immunity, a court must

determine (1) whether the facts, viewed in the light most favorable to the plaintiff,

show that the defendant's conduct violated a constitutional right; and (2) whether

the right was clearly established at the time of the alleged violation such that a

reasonable person in the defendant's position would have understood that his

actions violated that right.  *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).  If the

answer to either inquiry is "no," then the defendant is entitled to qualified

immunity and may not be held personally liable for his or her conduct.  *Glenn v.*

*Washington Cnty.*, 673 F.3d 864, 870 (9th Cir. 2011).

As discussed above, Plaintiff has failed to sufficiently allege a violation of

his Fourteenth Amendment right to equal protection.  Assuming for the sake of

argument that Plaintiff could establish such a violation, however, the state of the

law was not sufficiently clear to have put Defendants on notice that their actions

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

were unlawful.  Under the Ninth Circuit's decision in *McLean*, a corrections

official in any of the Defendants' positions could reasonably have believed that

classifying an offender with an ICE detainer as ineligible for work camp and

educational and vocational programs was lawful.  Accordingly, Defendants are

entitled to qualified immunity.

### C. Leave to Amend

In light of its rulings above, the Court finds that granting Plaintiff leave to

amend would be futile.  Thus, Plaintiff's Amended Complaint will be dismissed

with prejudice.

### D. Revocation of In Forma Pauperis Status

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma

pauperis* if the trial court certifies in writing that it is not taken in good faith."  The

good faith standard is an objective one, and good faith is demonstrated when an

individual "seeks appellate review of any issue not frivolous."  *See Coppedge v.

United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an

appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*,

490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good

faith and would lack any arguable basis in law or fact.  Accordingly, the Court

hereby revokes Plaintiff's *in forma pauperis* status.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 20) is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 8) is **DISMISSED** with prejudice.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiff's *in forma pauperis* status is hereby revoked.

The District Court Executive is hereby directed to enter this Order, provide copies to Plaintiff at his last known address and counsel, and **CLOSE** the file.

**DATED** October 15, 2013.



                  THOMAS O. RICE
            United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 9